UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

PHILLIP RANDALL TILLIE,

           Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

           Defendants.
_____/

Case No. 2:20-cv-177

Honorable Hala Y. Jarbou

### **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Michigan Department of Corrections. The Court will also dismiss for failure to state a claim Plaintiff's Eighth Amendment claims against Defendant Golladay. Plaintiff's First Amendment retaliation claim against Defendant Golladay remains.

**Discussion**

**I.       Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the MDOC and Corrections Officer Unknown Golladay.[1]

Plaintiff alleges that on July 9, 2020, Defendant Golladay shook Plaintiff down after a Notice of Intent Hearing. (Compl., ECF No. 1, PageID.3.) Plaintiff claims that during the shakedown, Golladay touched Plaintiff inappropriately. Golladay then instructed Plaintiff to retrieve his ID. When Plaintiff returned, he asked Golladay for a Prison Rape Elimination Act (PREA) grievance form. Golladay told Plaintiff to "fuck off," using a racial slur, and refused to provide a grievance form. The next day, Golladay wrote a false misconduct report against Plaintiff. Plaintiff was found guilty. Plaintiff kept requesting PREA grievance forms; he kept receiving tickets.

Plaintiff was found guilty of the first misconduct. Plaintiff does not report what happened with the other tickets. Plaintiff was eventually able to submit a PREA grievance against Golladay, but nothing was done.

Plaintiff contends that Golladay wrote the false misconduct report against Plaintiff in retaliation for Plaintiff's request for a PREA grievance form. Plaintiff seeks $500,000.00 in damages and asks that Golladay be prosecuted for his actions.

---

[1] The caption of Plaintiff's complaint lists as defendants "Michigan Department of Corrections" and "Corrections Officer Golladay." (Compl., ECF No. 1, PageID.1.) It is also possible that Plaintiff intended to only name one defendant: "Michigan Department of Corrections Corrections Officer Golladay." (*Id.*) To ensure that Plaintiff is not prevented from proceeding against a Defendant he intended to sue, the Court will proceed as if Plaintiff is suing two Defendants rather than one.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. MDOC

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court dismisses the MDOC.

### IV. Officer Golladay

Plaintiff does not identify the specific constitutional right that Officer Golladay infringed; however, his allegations implicate the protections of the Eighth Amendment and the First Amendment.

### A. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). But, not "every malevolent touch by a prison guard gives rise to a[n Eighth Amendment] cause of action." *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff provides no specific details about the shakedown search. Plaintiff states only that Golladay touched Plaintiff "inappropriately."[2] (Compl., ECF No. 1, PageID.3.) But, the

---

[2] A pat-down search is necessarily intrusive, even sexually intrusive. In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court noted the following was an "apt description" of such a search: "'(T)he officer must feel with sensitive fingers

Court of Appeals has on several occasions found no Eighth Amendment violation for pat-down searches and isolated incidents of sexual touching.  *See, e.g., Solomon v. Mich. Dep't of Corrs.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis and pressing an erect penis into the prisoner's buttocks, do not rise to the level of a constitutional violation); *Tuttle v. Carroll Cty. Detention Ctr.*, 500 F. App'x 480, 482 (6th Cir. 2012) (allegation that officer grabbed the detainee's genitals and "squeezed them really hard" during a pat-down search is too "subjective and vague" to state a claim); *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (prisoner's claim that an officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not state an Eighth Amendment claim); *see also Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

Although Plaintiff characterizes Defendant's conduct as "inappropriate," he alleges no facts that would distinguish the facts in his case from those in the foregoing cases.  Indeed,

---

every portion of the prisoner's body.  A thorough search must be made of the prisoner's arms and armpits, waistline and back, the groin and area about the testicles, and entire surface of the legs down to the feet.'"  *Id*. at 17 n.13.

Plaintiff's allegations are more "subjective and vague" than the allegations in *Tuttle*. *See Tuttle*, 500 F. App'x at 482. Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Golladay based on inappropriate touching during the shakedown search.

Plaintiff's allegations regarding Golladay's use of a racial slur similarly fall short of stating an Eighth Amendment claim. An allegation that a prison official used racial slurs, although unprofessional and reprehensible, does not rise to constitutional dimensions. *See Ivey*, 832 F.2d at 954-55; *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (prison guard's use of racial slurs and other derogatory language against state prisoner did not rise to level of a violation of the Eighth Amendment) (citing *Torres v. Cty. of Oakland*, 758 F.2d 147, 152 (6th Cir.1985)); *Williams v. Gobles*, No. 99-1701, 2000 WL 571936, at *1 (6th Cir. May 1, 2000) (occasional or sporadic use of racial slurs does not rise to a level of constitutional magnitude; *Bell-Bey v. Mayer*, No. 98-1425, 1999 WL 1021859, at *1 (6th Cir. Nov. 3, 1999) (same); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). In light of the foregoing, Plaintiff fails to state a claim for a violation of the Eighth Amendment for Defendant Golladay's use of a racial slur.

For these reasons, the Court will dismiss Plaintiff's Eighth Amendment claims against Defendant Golladay.

**B.     First Amendment retaliation**

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was

7

engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018), the Sixth Circuit Court of Appeals considered whether "oral" grievances were conduct protected by the First Amendment:

> An inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Mack v. Warden Loretto FCI*, 839 F.3d 286, 299 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("[W]e decline to hold that legitimate complaints lose their protected status simply because they are spoken."); *see also Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by *threatening* to file a grievance). "Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form." *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (finding that a conversation constituted protected petitioning activity) (quoting *Pearson*, 471 F.3d at 741).

*Maben*, 887 F.3d at 265. Accordingly, the Court concludes that Plaintiff has adequately alleged protected conduct when he asked Golladay for the PREA grievance form following Golladay's shakedown of Plaintiff.

The second requirement—adverse action—involves an objective inquiry and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). "When deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we look to both the punishment [the plaintiff] could have faced and the punishment he ultimately did

8

face." *Maben*, 887 F.3d at 266. In *Maben*, the court concluded that the possible punishments that are attendant to a minor misconduct sufficed to establish adverse action. *Id.*; *see also Hill v. Lapin*, 630 F3d 468, 474 (6th Cir. 2010) (holding that "actions that result in more restrictions and fewer privileges for prisoners are considered adverse"); *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) ("[T]he mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation."). Accordingly, the Court concludes that Plaintiff has adequately alleged adverse action.

Finally, the Court concludes that Plaintiff has adequately alleged a causal connection between the protected conduct and the adverse action. Plaintiff states that Golladay's "false" misconduct charges followed his request for a grievance form by a day. Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)); *see also Briggs v. Westcomb*, No. 19-1837 (6th Cir. Mar. 10, 2020) (unpublished) (holding that allegations of temporal proximity were sufficient where the filing of retaliatory misconduct by correctional officers occurred six days after Plaintiff filed a grievance against a medical provider, but only one day after the provider learned of the grievance).

As a consequence, the Court concludes that Plaintiff's allegations against Defendant Golladay are sufficient to state a retaliation claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment claims against

9

Defendant Golladay. Plaintiff's First Amendment retaliation claim against Defendant Golladay remains in the case.

An order consistent with this opinion will be entered.

Dated:  October 14, 2020              /s/ HALA Y. JARBOU
                                                   Hala Y. Jarbou
                                                   United States District Judge