UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHILLIP RANDALL TILLIE,

    Plaintiff,

v.

    Case No. 2:20-cv-177

    Hon. Hala Y. Jarbou

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Phillip Randall Tillie is a prisoner in the Michigan Department of Corrections. Tillie's sole remaining claim is a First Amendment retaliation claim against Corrections Officer (CO) Golladay.[1] (ECF No. 5.) Tillie moved for a preliminary injunction. (ECF No. 13.) Golladay moved for summary judgment on the affirmative defense that Tillie failed to exhaust his available remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (ECF No. 26.)

Magistrate Judge Maarten Vermaat produced a Report and Recommendation (R&R) recommending the Court deny both motions. (ECF No. 40.) Tillie objected (ECF No. 44), as did Golladay (ECF No. 48). Along with his objections, Tillie filed three motions seeking production of documents (ECF No. 45), extra time to file additional objections based on the documents to be produced (ECF No. 46), and to stay proceedings pending production of the requested documents (ECF No. 47). For the reasons below, the Court will adopt the R&R's recommendation to deny the preliminary injunction but reject the recommendation to deny Golladay's motion for summary

---

[1] The Michigan Department of Corrections (MDOC) was also a defendant in this case but was dismissed by a previous order. (ECF No. 5.)

judgment. The Court will grant Golladay's motion for summary judgment and deny Tillie's motions.

## I. Background

Tillie alleges that, while confined in the Chippewa Correctional Facility, CO Golladay touched him inappropriately during a shakedown. (R&R, PageID.321.) Tillie then asked for a Prisoner Rape Elimination Act (PREA) grievance form, which Golladay allegedly refused to provide. (*Id.*) The following day, Golladay issued Tillie a misconduct ticket. (*Id.*) Tillie argues that this ticket was inaccurate and filed as retaliation for his PREA grievance form request. (ECF No. 44, PageID.353.)

Golladay argues that Tillie has failed to exhaust his administrative remedies as required under the PLRA. (ECF No. 26.) Tillie responds that the administrative grievance process was unavailable to him, excusing his failure to exhaust. (Plaintiff's Response, PageID.209-210.) The R&R concludes that an issue of fact remains regarding whether the grievance process was unavailable to Tillie, and therefore recommends that the Court deny Golladay's motion for summary judgment.

## II. Standards

### A. Objections to Reports and Recommendations

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### B. Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must examine the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine whether there is a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P 56(c)) (internal quotations omitted). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank. of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288-89 (1961)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party [by a preponderance of the evidence], there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *City Serv.*, 391 U.S. at 289). In considering the facts, the Court must draw all inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is not an opportunity for the Court to resolve factual disputes. *Anderson*, 477 U.S. at 249.

### C. Exhaustion of Administrative Remedies

Pursuant to the applicable portion of the PLRA, a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner's failure to exhaust available administrative remedies is an affirmative defense, which a defendant has the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). Typically, "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust'" one's administrative remedies. *Id.* at 218-19. But because "the only avenue

3

for challenging [major misconduct] reports is a hearing," exhaustion of a contested misconduct ticket means raising relevant issues during the initial hearing and on appeal. *See Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). Although *Siggers* refers to "major" misconduct tickets (Class I), MDOC policy treats "minor" misconduct tickets (Class II and III) similarly. *Simmons v. Oja*, No. 2:18-CV-00091, 2020 WL 4756494, at *3 (W.D. Mich. July 24, 2020), *report and recommendation adopted*, No. 2:19-CV-91, 2020 WL 4747838 (W.D. Mich. Aug. 17, 2020) ("Whether a Class I misconduct or a Class II or III misconduct, the inmate must first raise the issue during the Misconduct Hearing.") (citing *Siggers*, 652 F.3d at 693-94).

The grievance process may be unavailable in rare circumstances, including "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S.___, 136 S. Ct. 1850, 1859-60 (2016). If the grievance process is unavailable, a prisoner has no obligation under the PLRA to pursue that remedy before filing in federal court. *Id.*

### III. Analysis

#### A. Motion for Preliminary Injunction

The R&R recommends that the Court deny Tillie's motion for a preliminary injunction. Neither party objects to this recommendation. The Court will therefore adopt the R&R on this issue and deny the motion for a preliminary injunction.

#### B. Motion for Summary Judgment

Defendant makes two objections to the magistrate judge's R&R: he believes the action should be dismissed for failure to exhaust, and alternatively, that there is no issue of fact regarding Plaintiff's access to the grievance process. (ECF No. 48.) The first objection is dispositive. The Court agrees with Defendant that Plaintiff failed to exhaust his administrative remedies and will grant his motion for summary judgment on those grounds.

Plaintiff argues that he did not grieve the two misconduct reports in question—both filed by Defendant Golladay—because a prisoner cannot grieve a misconduct report. (Pl.'s Resp., PageID.209.) In general, this is correct. *See Siggers*, 652 F.3d at 694 ("Michigan's rules provide that the only avenue for challenging [major misconduct] reports is a hearing."). To properly exhaust his administrative remedies, Tillie "must appeal [a] misconduct report through the disciplinary appeal [process]." (Plaintiff's Response, PageID.209.). Nothing in the record at the time of the R&R indicated that he did so. (R&R, PageID.335.)

Tillie alleges that he did appeal a misconduct report. (ECF No. 44, PageID.353.) After the R&R was issued, Tillie filed a supplement showing that he appealed a misconduct conviction for insolence against Golladay. (Pl.'s Suppl., ECF No. 51-1.) The supplement is arguably untimely, but it was also likely Golladay's responsibility to present the appeal form contained in the supplement in the first place.[2] Because the misconduct appeal form does not change the disposition of Golladay's motion for summary judgment, the Court will consider Tillie's supplement. Thus, it appears that Tillie properly appealed at least one misconduct ticket.

But in his appeal, Tillie does not raise the issue of retaliation; he simply asserts his innocence and that his due process rights were violated. (ECF No. 51-1, PageID.391.) The claims of sexual harassment and intimidation through threatened tickets in the appeal are tangential to the retaliation alleged in this lawsuit, which relates solely to the misconduct ticket actually issued by Golladay. The attached written statement, which Tillie says the misconduct hearing officer refused to take, does assert retaliation by Golladay. (*Id.*, PageID.392.) Tillie's appeal fails to reiterate the retaliation issue, however, and he discusses the written statement simply to say that the hearing

---

[2] Considering failure to exhaust is an affirmative defense, the Court believes that Golladay was required to attach the misconduct appeal supplemented by Tillie, assuming the document is legitimate. Assuming the authenticity of Tillie's supplement, the Court is displeased that the appeal form was not attached to Golladay's motion for summary judgment. Because the appeal form does not show exhaustion, however, the issue is ultimately moot.

5

officer violated his due process rights when the hearing officer refused to accept it. (*Id.*, PageID.391.)

"In order to properly exhaust a retaliatory misconduct ticket claim, the prisoner must raise that claim at the misconduct hearing and, if unsuccessful, in a motion or application for rehearing or in an appeal." *Chrzan v. Mackay*, No. 1:19-CV-116, 2020 WL 1067291, at *3 (W.D. Mich. Feb. 3, 2020), *report and recommendation adopted*, No. 1:19-CV-116, 2020 WL 1064864 (W.D. Mich. Mar. 5, 2020) (collecting cases). Based on the filings in this case, Tillie knows how to allege retaliation when he means to. He did not assert retaliation in his misconduct appeal and thus failed to exhaust administrative remedies.

Finally, the Court notes that a misconduct ticket may be grievable in some circumstances. If a ticket were grievable, this would provide a parallel administrative remedy to the appeals process. A prisoner may be able to grieve the filing of a ticket where he admits to the conduct in question but asserts that the ticket would not have been filed but for a retaliatory motive. *See, e.g.*, *Williams v. Washington*, No. 2:18-CV-144, 2019 WL 4690261, at *1 (W.D. Mich. Sept. 26, 2019) ("When the prisoner . . . claims that the officer actually wrote the misconduct charge to retaliate, when he or she would not have written the ticket otherwise, *Siggers* may not require the prisoner to raise the issue in the misconduct proceeding."). Tillie's situation does not match the narrow circumstance described in *Williams*.

### C. Motions to Produce, for Time Extension, and to Stay

Tillie's motion to produce seeks documents relating to his insolence misconduct hearing and the subsequent appeal. (ECF No. 45.) Since Tillie has already produced the appeal of the insolence misconduct conviction, and since that appeal shows he did not raise the issue of retaliation, there is no need for further production of documents. Tillie failed to exhaust his claim. The motion to produce documents will be denied. Tillie's motion for an extension of time to object

to the R&R and motion to stay proceedings are both contingent on the motion to produce documents. Since the latter motion will be denied, the motions for an extension and for a stay will be denied as well.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (ECF No. 40) is **ADOPTED in part** and **REJECTED in part**. The R&R is adopted with respect to its recommended disposition of Plaintiff's motion for a preliminary injunction (ECF No. 13) but denied with respect to its recommended disposition of Defendant Golladay's motion for summary judgment (ECF No. 26).

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Golladay's motion for summary judgment (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Golladay is **DISMISSED** as a **DEFENDANT**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to produce documents (ECF No. 45), for an extension of time (ECF No. 46), and to stay proceedings (ECF No. 47) are **DENIED**.

The Court declines to certify that an appeal would not be taken in good faith. A judgment will enter consistent with this order.

Dated:  July 30, 2021                    /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          UNITED STATES DISTRICT JUDGE